NO. 24-1643

# United States Court of Appeals
*for the*
# Fourth Circuit

BING CHEN, *et al.*,

*Plaintiffs-Appellants,*

– v. –

COMMODORE MANAGEMENT COMPANY, INC., *et al.*,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
IN NO. 8:23-CV-01838-TJS

## SUPPLEMENTAL BRIEF OF APPELLEES


DARRAGH L. INMAN
BACON THORNTON & PALMER, LLP
6411 Ivy Lane, Suite 500
Greenbelt, Maryland 20770
(301) 345-7001

*Counsel for Appellees*


Date: August 20, 2026


COUNSEL PRESS
A Proceed Service
The Appellate Experts®
(800) 4-APPEAL • (395910)

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

I. Argument ........ 1

1. Is the magistrate judge's order "final" for purposes of 28 U.S.C. § 1291 in view of the magistrate judge's apparent failure to address the Chens' familial discrimination claim? In other words, does this Court have jurisdiction to hear this appeal? ........ 1

a. The Order is Final Because It Disposed of the Chens' "Essential Grievance" -- National Origin Discrimination ........ 1

b. Remand Would Be Futile Because a Refusal to Accept a Transfer Request Is Not An Adverse Action as a Matter of Law Unless the Request was for Reasonable Accommodation ........ 5

II. Conclusion ........ 6

CERTIFICATE OF COMPLIANCE ........ 7

CERTIFICATE OF SERVICE ........ 8

## TABLE OF AUTHORITIES

**Page(s)**

*Beudett v. City of Hampton*,
775 F.2d 1274, 1276 (4th Cir. 1985) ....................................................1, 2, 3

*Design Gaps, Inc. v. Distinctive Dsgn & Constr., LLC*,
162 F.4th 452 (4th Cir. 2025) ....................................................................1

*Goode v. Cent. Va. Legal Soc., Inc.*,
807 F.3d 619, 626 (4th Cir. 2015) ...............................................................4

*Pacific Research and Education Institute and Bing Chen v. Biden, et al*,
Civ. Action No.: PX-22-25 (D.Md. August 22, 2023), *available at*
2022 WL 1182928 ........................................................................................2

*Sager v. Housing Com'n of Anne Arundel Co.*,
855 F.Supp.2d 524 (D. Md. 2012)................................................................5

## I. Argument

**1. Is the magistrate judge's order "final" for purposes of 28 U.S.C. § 1291 in view of the magistrates judge's apparent failure to address the Chens' familial discrimination claim? In other words, does this Court have jurisdiction to hear this appeal?**

**a. The Order is Final Because It Disposed of the Chens' "Essential Grievance" -- National Origin Discrimination.**

The District Court's order is final because it held that the Chens had not plausibly pled discrimination under ***any*** Fair Housing Act theory of recovery, including the alleged failure to allow the Chens to transfer units – which is not an adverse action for FHA purposes. The Court's analysis disposed of the "essential grievance" of the Chens' lawsuit, and is therefore final. *See, e.g., Beudett v. City of Hampton,* 775 F.2d 1274, 1276 (4th Cir. 1985) (District court is not required to anticipate and address every conceivable theory in a *pro se* complaint and judgment is final when it disposes of the "essential grievance" of the complaint). *Id.* Without plausible allegations of discrimination, the Chens have no federal case. The District Court's dismissal was a final judgment because the Court's discussion of the failure to plausibly plead discrimination "encompass[ed]" all of the Chens' claims and "addressed the central component" of those claims – the lack of plausible allegations of discrimination. *See Design Gaps, Inc. v. Distinctive Design & Construction, LLC,* 162 F.4th 452, 471 (4th Cir. 2025).

The Chens' pleadings, taken both as a whole and in context of the briefing before the lower court, brought a national origin discrimination case. The gravamen of their pleadings in the present case, and in *Pacific Research and Education Institute and Bing Chen v. Biden, et al,* Civ. Action No.: PX-22-25 (D.Md. August 22, 2023), *available at* 2022 WL 1182928, is that the Chens must be paid millions of dollars as a result of national origin discrimination. The reference to the failure to allow the Chens to transfer apartment units came in the midst of a litany of allegations that all appeared to reference national origin discrimination.

The United States Court of Appeals for the Fourth Circuit has acknowledged that there are "difficult problems raised when *pro se* litigants only vaguely identify potential legal issues in the controversy at hand." *Beudett v. City of Hampton,* 775 F.2d 1274, 1276 (4th Cir. 1985). The *Beudett* Court made it clear that the Court "**cannot be expected to construct full blown claims from sentence fragments**…." *Beuadett,* 775 F.2d at 1278 (emphasis added). Sentence fragments in pleadings do not preserve arguments that were not actually made in the lower court for appeal. *Beuadett,* 775 F.2d at 1278. The *Beuadett* court explained:

> **Nor should appellate courts permit those same fleeting references to preserve questions on appeal**. In the **light of hindsight, of course, and with the benefit of counsel on appeal, issues may be brought before this court that were never fairly presented below**. We **will not, however, require the district courts to anticipate all arguments that clever counsel may present in some appellate future**. To do so would not only strain judicial resources by requiring those courts to explore exhaustively all potential claims of a *pro se* plaintiff, but would

> also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.

*Beaudett,* 775 F.2d at 1278 (emphasis added).

The District Court correctly held that the Chens failed to plausibly plead discrimination in their complaint, ***regardless*** of the theory. The laundry list of items in the Chens' pleadings includes assertions of "false prosecution", an attempt to "deport them", actions that are "in contempt of court", and allege, without specificity, that Defendants engaged in "criminal offenses". The "familial" claim is at 7 of the following list, which appears at paragraph 28 of the Chens' complaint:

> 28. Specifically, in the case of the defender's discriminatory conduct is as follows:
> (1): The defendant did not provide the landlord-tenant handbook, it is racial discrimination.
> (2): They illegally asked us to pay Vanity Replacement $225, It is racial discrimination.
> (3): Requiring a Money Order to pay the rent is racial discrimination.
> (4): Retaliating against us because we have filed a fair housing complaint is discrimination;
> (5): Failure to maintain or repair is racial discrimination;
> (6): Not in time to eradicate cockroaches, harming our health, and racial discrimination;
> **(7): Because we have two children in our family, defendant "cancelling your transfer application" is discrimination for familial status (children);**
> (8): Five false prosecutions in one case, greatly exceeding the actual disputed rent, which is racial discrimination, and harassment, lying in court, and obstructing justice, suspected of a criminal offense. This is where the circumstances of this case are particularly serious.
> (9): Deliberately failing to serve the court notice of the

> Eviction Order hearing, and using false information to deceive the court about the order is racial discrimination. The defendants deliberately attempted to deport us without our having made any psychological preparations, humiliating the whole family, especially the two children.
> (10): False lawsuits are racist;
> (11): Dismissal of case without notice, Let us go to court for nothing, it is racial discrimination.
> (12): Illegally threatening us with eviction is racial discrimination;
> (13): The defendant has sued and withdrawn the lawsuit many times, and the withdrawal of the lawsuit without notifying us is not only racial discriminatory, but also publicly humiliating;
> (14): 'Wasn't prepared for pest clean-out" fine of $50 is racial discrimination;

JA14-18 (original complaint)(emphasis added(; *see also* JA129-131 (Amended Complaint). The Chens conceded in the District Court that there is "an absence of concrete evidence …against other racial groups", which is fatal to any claim that is not based on direct evidence of discrimination. *Goode v. Cent. Va. Legal Soc., Inc.,* 807 F.3d 619, 626 (4th Cir. 2015).

The Chens' argument that "the cancellation of our transfer following the inspection of our children's drawings, [is] evidence of discrimination" was briefed to the District Court, JA179, and properly disposed of with the Court's order dismissing the action. JA179. The Chens plead the failure to grant their transfer request as evidence of discriminatory animus, not familial animus. JA179.

The United States District Court for the District of Maryland expressly noted that the Chens alleged "Defendants cancelled Plaintiffs' transfer application because

Plaintiffs' children had posted pictures and drawn on the walls of Plaintiffs' apartment" as one of the 20 different factual allegations that are alluded to in the Chens pleadings. JA215. The Court found that the Chens had not plausibly alleged discrimination of any kind. This holding applies with equal force to the failure to transfer apartment unit claim as it does to the other claims of discrimination. Accordingly, the District Court did address the claim that the alleged failure to allow the Chens to transfer units was motivated by discriminatory or retaliatory animus and properly dismissed the Chens' case.

**b. Remand Would Be Futile Because a Refusal to Accept a Transfer Request Is Not An Adverse Action as a Matter of Law Unless the Request was for Reasonable Accommodation.**

The refusal to allow the Chens to transfer apartments is not an adverse action under the FHA, because the Chens did not plead that they requested the transfer as a reasonable accommodation for a disability. *Sager v. Housing Com'n of Anne Arundel Co.,* 855 F.Supp.2d 524, 556 (D. Md. 2012). A request for a transfer of an apartment "fails to state a claim upon which relief can be granted" when it is "not a request for reasonable accommodation under the FHA." *Id.* In *Sager*, the Court held that the denial of a transfer request made by a tenant that felt that her "physical safety is in jeopardy [and is] under constant surveillance from staff and feels harassed by other staff and tenants" was not a denial of a request for reasonable accommodation due to disability, requiring dismissal under the FHA. *See id.*

## II. Conclusion

The Court addressed the essential grievance brought by the Chens, who alleged national origin discrimination. In doing so, the Court found that the Chens' claims regarding the refusal to approve an apartment transfer application pled no connection with discrimination. Further, remanding the claim would be futile, because the denial of a transfer request is not an adverse action under the FHA. The decision before the Court is a final judgment.

Respectfully submitted,

Dated: August 20, 2026

/s/ *Darragh L. Inman*

Darragh L. Inman (27163)
Bacon, Thornton & Palmer, LLP
6411 Ivy Lane, Suite 500
Greenbelt, Maryland 20770
301-345-7001
dinman@lawbtp.com

## CERTFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 1,771 words, excluding the part of the brief exempted by Federal Rule of Appellate Procedure 32 (f).

Respectfully submitted,

Dated: August 20, 2026

/s/ *Darragh L. Inman*____

Darragh L. Inman (27163)
Bacon, Thornton & Palmer, LLP
6411 Ivy Lane, Suite 500
Greenbelt, Maryland 20770
301-345-7001
dinman@lawbtp.com

## CERTIFICATE OF SERVICE

I herby certify that on August 20, 2026 I electronically filed the foregoing Appellees Responsive Brief via the Court's CM/ECF system, which will send notice of such filings to counsel of record in the above-captioned case.

Dated: August 20, 2026

Respectfully submitted,
/s/ *Darragh L. Inman*____

Darragh L. Inman (27163)
Bacon, Thornton & Palmer, LLP
6411 Ivy Lane, Suite 500
Greenbelt, Maryland 20770
301-345-7001
dinman@lawbtp.com